UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LUZ OVIEDO and MARIA COLLINS, § § *Plaintiffs*, § § v. § § ADMIRAL LINEN AND UNIFORM § SERVICE *by ALSCO INC* and § MICHAEL DIKES, § § *Defendants*. § | Civil Action No. 3:19-CV-01636-X |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Luz Oviedo's Motion to Reopen Case and Lift Administrative Stay [Doc. No. 28]. The Court previously filed an order to compel arbitration and administratively closed the case until the conclusion of arbitration. [Doc. No. 26]. The arbitrator subsequently dismissed Oviedo's claims. For the reasons stated below, the Court **DENIES** Oviedo's motion to reopen the case and lift the administrative stay.

### I.   Factual Background

Defendant ALSCO, Inc. (ALSCO) employed Plaintiffs Oviedo and Maria Collins. The plaintiffs filed this suit in 2019 alleging multiple causes of action for sexual harassment, sexual assault, discrimination, and retaliation. After being served with the complaint, the defendants each filed a motion to dismiss and to

compel arbitration pursuant to a valid arbitration agreement.[1] The plaintiffs filed a response in objection to the motions but later withdrew their objections and requested that the Court stay the action pending binding arbitration. The Court granted the motions to compel arbitration but denied the motions to dismiss, and the Court administratively closed the case until the conclusion of arbitration.[2]

Once in arbitration, the defendants filed motions for judgment on the pleadings on Oviedo's claims with the arbitrator, contending that Oviedo had failed to file her arbitration demand within one year of termination, so her claims were barred by the statute of limitations. The arbitrator granted the defendants' motions and denied all relief requested by Oviedo.[3] Oviedo then filed in this Court the instant motion to reopen the case and lift the administrative stay. As of the time Oviedo filed the motion, Collins's claims were still in arbitration.

## II.    Legal Standard

"[J]udicial review of an arbitration award is extraordinarily narrow."[4] Under the Federal Arbitration Act, an arbitration award may only be vacated

> (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or if any other misbehavior by which the rights of the party have been prejudiced; or (4) where the arbitrators exceed their powers,

---

[1] Doc. No. 8 at 1; Doc. No. 11 at 1.

[2] Doc. No. 26.

[3] Doc. No. 28 at 6.

[4] *Salinas v. McDavid Houston-Niss, L.L.C.*, 831 F. App'x 692, 695 (5th Cir. 2020) (cleaned up).

> or so imperfectly executed that a mutual, final, and definite award upon the subject matter submitted was not made.[5]

The Fifth Circuit has held that these are the "*only* grounds upon which a reviewing court may vacate an arbitrative award."[6]  And courts cannot vacate the arbitration award "for a mere mistake of fact or law."[7]  "The burden of proof is on the party seeking to vacate the award, and any doubts or uncertainties must be resolved in favor of upholding it."[8]

### III.   Analysis

Oviedo does not allege that the arbitrator's conduct was improper.  Instead, she argues that the arbitration agreement was invalid and that the defendants misled her, the Court, and the arbitrator, and therefore lost their rights to arbitration.  In her first argument, Oviedo contends that the arbitration agreement is unconscionable and therefore unenforceable because it was not explained to her or translated into Spanish.  But this is the same argument she made in her response in opposition to the motion to compel arbitration, which she voluntarily withdrew.[9]  She cannot reassert this argument after an unfavorable arbitration outcome.  She also presented this argument to the arbitrator, who rejected it.[10]  Because this issue was

---

[5] 9 U.S.C. § 10(a).

[6] *Salinas*, 831 F. App'x at 695 (emphasis added) (quotation omitted).

[7] *Id.* (quotation omitted).

[8] *Cooper v. WestEnd Cap. Mgmt., L.L.C.*, 832 F.3d 534, 544 (5th Cir. 2016).

[9] Doc. No. 14.

[10] Doc. No. 28-12 at 4 (finding that the terms of the Arbitration Agreement are enforceable against Oviedo despite her argument that it was never explained or translated into Spanish).

litigated in arbitration, the Court cannot permit Oviedo to reopen the case to relitigate it now.[11]

Second, Oviedo argues that the defendants have waived their right to arbitration and should be estopped from enforcing the arbitration award because they have misled her, the Court, and the arbitrator. She alleges that the defendants misrepresented that they would not assert a statute of limitations defense to Oviedo's claims in order to convince her to agree to arbitration. She also alleges that the defendants misled her and the Court by not disclosing in their status reports that they would be asserting a statute of limitations defense. "A party waives the right to arbitrate by substantially invoking the judicial process to the detriment or prejudice of the other side."[12] Generally, waiver is "asserted against defendants who try out federal court before seeking to arbitrate."[13] That is not the case here. After service of Oviedo's lawsuit, defendants immediately filed motions to dismiss and to compel arbitration.[14] Thus, the defendants did not invoke the judicial process at all before moving to compel arbitration.

The arbitrator considered and rejected Oviedo's arguments against applying the one-year statute of limitations to her case. Specifically, the arbitrator rejected her argument that equitable tolling should be applied because she timely filed suit in

---

[11] *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 364 F.3d 274, 288 (5th Cir. 2004) ("Absent extraordinary circumstances, a confirming court is not to reconsider an arbitrator's findings." (quoting *Europcar Italia, S.p.A. v. Maiellano Tours, Inc.*, 156 F.3d 310, 315 (2d Cir. 1998)).

[12] *Sabatelli v. Baylor Scott & White Health*, 832 F. App'x 843, 848 (5th Cir. 2020) (cleaned up).

[13] *Id.*

[14] Doc. No. 8; Doc. No. 11.

4

federal court. The arbitrator found that Oviedo did not timely assert her rights in federal court or in arbitration, but even if equitable tolling was appropriate in her situation, the arbitration agreement explicitly precluded it. Further, Oveido now argues that a tolling agreement between her and the defendant "nullifies" the defendants' statute of limitations argument, but Oviedo failed to raise this argument in arbitration. Oviedo entered this agreement on March 15, 2019, four months before she filed suit in this Court. Because she could have raised this issue in arbitration, but failed to do so, she waived the argument.[15] Therefore, Oviedo failed to meet her burden of proving the Court should vacate the arbitration award under section 10 of the Federal Arbitration Act.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** Oviedo's motion to reopen the case and lift the administrative stay.

In their response to Oviedo's motion, the defendants also seek to confirm the arbitration award. But responses to motions are not motions. If the defendants wish to confirm the arbitration award, they must file a separate motion with the Court.

**IT IS SO ORDERED** this 23rd day of November, 2021.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[15] *Union Pac. R.R. Co. v. Am. Ry. & Airway Supervisors' Ass'n*, 838 F. App'x 846, 852 (5th Cir. 2020) ("If the issue was arbitrable and was not presented to the arbitrator, it is waived.").